PAGE v. SLAGER.

1. EASEMENTS—RESTRICTIONS—CONSTRUCTION.
    Writing granting easement of right of way which provides that said privilege shall cease when certain roadway "shall be closed or otherwise restricted to use" should be construed as providing for terminating said privilege when use of either party is effectively restricted.

2. SAME—TERMINATION OF EASEMENT.
    Writing granting easement of right of way is not to be avoided by indefinite or inconclusive conversations or negotiations.

Appeal from Kent; Brown (William B.), J., presiding. Submitted June 4, 1930. (Docket No. 21, Calendar No. 34,418.) Decided October 3, 1930.

Bill by Orson J. Page and others to enjoin Martin Slager and another from obstructing an easement. From decree for plaintiffs, defendants appeal. Affirmed.

*L. DeCamp Averill,* for plaintiffs.

*Knappen, Uhl, Bryant & Snow,* for defendants.

FEAD, J. Defendants owned part of lot 47, Kent plat, in the city of Grand Rapids, immediately north of lot 46, owned by plaintiffs. From the northwest corner of defendants' premises, westerly to Commerce avenue, S. W., ran a private road owned by the Heystek estate, of which one Zindel was representative, and which was known as the Heystek way. On January 22, 1923, defendants granted to plaintiffs an easement of way over the west 12 feet of their premises, by instrument under seal, acknowl-

---

For authorities discussing the question of reversion of title upon abandonment of public street or highway, see annotation in 18 A. L. R. 1008; 42 A. L. R. 236.

edged and recorded, and which contained the following clause:

"Provided further that this privilege shall cease and become null and void and revert again to the said parties of the first part, their heirs and assigns, forever, when the said roadway running from the said Commerce avenue, southwest, to the west line of the said property of the parties of the first part shall be closed or otherwise restricted to use."

The instrument was drafted by plaintiffs' attorney. Defendants claimed that in 1925 Zindel demanded rent of them for use of the Heystek way and forbade further use without its payment. They contend this demand "restricted to use" the Heystek way, and terminated plaintiffs' easement. Zindel admitted discussing the rent with defendants but denied a demand for rent or prohibition of further use without it. Defendants continued to use the Heystek way as they had been doing and without interference or complaint for a short time thereafter and until they bought the premises immediately west of their own, with formal grant of right of way to Commerce avenue. The situation produced by this purchase and grant are not before us. The question here is whether in 1925 the Heystek way had been "restricted to use" by demand for rent.

Plaintiffs contend the instrument should be construed to mean that it would terminate only upon restriction to their own use. Defendants claim it is to be construed as terminating upon restriction to their use. We think it would terminate upon the use of either being effectively restricted.

Defendants' use of the Heystek way was not restricted in fact. Nor did their evidence preponderate that a demand for rent was made upon them and further use without payment forbidden. A solemn

instrument of this sort is not to be avoided by indefinite or inconclusive conversations or negotiations.

Defendants are not entitled to a decree declaring the easement terminated, as prayed in their cross-bill.

The decree enjoining them from obstructing the way is affirmed, with costs.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.